G. W. McMAHILL, Appellant, v. D. C. HATFIELD, Respondent.

St. Louis Court of Appeals, February 1, 1898.

1. **Conflict of Evidence.** Where the issue is submitted to the jury under proper instructions and the evidence is conflicting, this court will not interfere.

2. **Reasonable Time:** JURY QUESTION. Under the circumstances of this case, the question of reasonable time was properly submitted to the jury, and the verdict being against plaintiff he was concluded thereby.

*Appeal from the Louisiana Court of Common Pleas.* Hon. REUBEN ROY, Judge.

AFFIRMED.

Fagg & Ball for appellant.

Pearson & Pearson for respondent.

BIGGS, J.—The defendant rented a farm belonging to plaintiff for a year, ending March 1, 1896. The plaintiff was to receive as rent one half of the wheat and one third of the corn grown upon the premises. According to plaintiff's version of the contract his portion of the wheat when threshed was to be hauled by the defendant either to the station on the railroad or to the bank of the Mississippi river, as plaintiff might elect. The contention of the defendant is that plaintiff was to accept his portion of the wheat at the threshing machine. It was agreed that the defendant should gather and put in a crib on the premises the plaintiff's portion of the corn. There is no dispute as to this. The present action is for damages for the alleged violation of the contract by defendant. The breaches were that the defendant refused to haul the wheat to to the railroad station as plaintiff requested him to do, and also that he failed and refused to gather the corn. There was a trial and verdict for the defendant and the plaintiff has appealed.

The contract between the parties was oral. As to the place of the delivery of plaintiff's portion of the wheat, the evidence was conflicting. The issue was CONFLICT of evidence. submitted to the jury under proper instructions, and it was found for the defendant. This precludes us from interfering.

As to the corn, the evidence for the plaintiff tended to prove that on the seventeenth day of January, 1896, (three days before the suit was brought) the defendant refused to gather the corn; that soon thereafter the plaintiff gathered a portion of it, and that subsequently the defendant gathered the remainder. The defendant denied that he refused to gather the corn. He testified that up to November 20, 1895, the corn was under an attachment, and that thereafter it was almost impossible to gather it on account of the rains.

McMahill v. Hatfield.

It is urged by plaintiff that under any view of the evidence he should be paid for gathering a portion of the corn. The court instructed the jury to that effect, provided the defendant refused in the first instance to gather the corn, or did not commence to gather it within a reasonable time. The first proposition, as we have shown, was found against plaintiff on conflicting evidence. The contention of plaintiff must rest on the proposition that the court should have declared, as a matter of law, that the defendant did not commence to gather the corn within a reasonable time, and hence the plaintiff was authorized to begin the work. In the circumstances of the case the question of "reasonable time" was properly submitted to the jury. The finding was against plaintiff, and he is concluded by it. This compels us to overrule the assignment.

REASONABLE
time: jury
question.

At the instance of the defendant the court gave the following instruction: "The court instructs the jury that if there was no new contract entered into between plaintiff and defendant for the year 1895, then the contract for the year prior thereto is the contract for the year 1895." The objection urged against this instruction is that there is no evidence to support it. In this counsel is in error. The defendant testified that he had been a tenant on the farm for several years next preceding the year beginning March 1, 1895, and that the contract for that year was the same as for previous years.

Finding no error in the record, the judgment will be affirmed. All the judges concur.